IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RODERICK DEMMINGS,** on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**KKW TRUCKING, INC.,**<br><br>　　　　　Defendant. | Case No. 3:14-cv-494-SI<br><br>**ORDER DENYING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |

**Michael H. Simon, District Judge.**

　　On March 30, 2018, Plaintiff moved for preliminary approval of the proposed settlement agreement resolving the putative class action against Defendant KKW Trucking, preliminary certification of a class for the purposes of settlement, and approval of the form and manner of notice. Settlement and dismissal of a class action requires court approval, including approval of the notice to class members and the proposed method of notice. *See* Fed. R. Civ. P. 23(e).

　　A class action settlement must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). When, as here, parties reach an agreement before class certification, "courts must peruse the

PAGE 1 – ORDER

proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In considering the adequacy of the proposed notice of the proposed settlement, courts evaluate whether the notice is the "best notice practicable under the circumstances" and comports with due process requirements. *See, e.g.*, *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 624 (N.D. Cal. 2014). The notice must also clearly apprise class members of their right to object to the attorney's fees, costs, and incentive awards sought. *Cf. In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *13 (N.D. Cal. Oct. 27, 2015).

Although the Court preliminarily finds that class certification is appropriate[1] and the terms of the settlement agreement are fair, reasonable, and adequate, the Court DENIES Plaintiff's unopposed motion for preliminary approval of the proposed settlement agreement and proposed notice because the Court finds that the proposed notice and objection process not to be fair, reasonable, and adequate, or to provide the best notice practicable, for the following reasons:

1. In the first page of the notice, the table stating class member's legal rights should include the dates or deadlines when class members, if they wish, may exclude themselves from the class, file an objection, or attend the fairness hearing.

2. The proposed notice also is insufficient because it does not specifically notify class members that they have the right to object to the attorney's fees, litigation expenses, or the service award being sought, in addition to class members' right to object to the settlement

---

[1] The Court notes that, for final approval, "[w]hen a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention" and "rigorous analysis" that is "supported by sufficient findings to be afforded the traditional deference given to such a determination." *In re Hyundai and Kia Fuel Econ. Litig.*, 881 F.3d 679, 690 (9th Cir. 2018) (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999) (first alteration added, second alteration in original).

agreement. The introductory sentence to the objection section states that class members can "tell the Court that you don't agree with the settlement or some part of it" and Paragraph 16 states that class members "can object to the settlement if you don't like any part of it." The class members' right to object to attorney's fees, litigation expenses, or the service award is an important right of which class members should be clearly and explicitly notified. The Court finds that notifying class members of their right to object if they don't like "some part" or "any part" of the settlement agreement is too vague to provide sufficient notice. The right to object to the requested attorney's fees, litigation expenses, and service award must be specifically stated. This includes some statement in the heading of the objection section.

3. The proposed notice and plan also is insufficient because it does not notify class members when class counsel will file the fee request and supporting documentation with the Court so that class members can review that documentation to determine whether to object. It is also unclear what the proposed filing deadlines are intended to be. The settlement agreement states that class counsel shall make an application for fees with the Court "in advance" of the deadline for the submission of objections (ECF 93 at 19). The proposed order for preliminary approval of the settlement, however, proposes a deadline for objections of 60 days after the mailing of the notice packets, and a deadline for the filing of the attorney's fees application of 10 days before the fairness hearing (ECF 93-2 at 5, ¶¶ 10-11). Under this schedule, it appears unlikely that the attorney's fees application will be filed with the Court before the deadline for objections. Such a schedule is impermissible. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010) ("The plain text of [Rule 23(h)] requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed. . . . Allowing class members an opportunity thoroughly to examine

counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members." (emphasis in original)). The 60-day deadline after mailing of notices for exclusions, however, does not present any problems with respect to *In re Mercury*.

One example of a timeline that would comply with *In re Mercury* is for the filing deadlines to be as follows: documents in support of the settlement, attorney's fees, litigation expenses, and service award due 30 days before the fairness hearing; objections due 14 days before the fairness hearing; and any supplemental papers, including any response to objections, due 7 days before the fairness hearing.

4. Objections to the settlement, attorney's fees, litigation expenses, or service award should be sent to the Court and not to the settlement administrator. The address listed should be: Clerk of the Court, United States District Court for the District of Oregon, 1000 SW Third Avenue, Portland, OR 97204. The requests for exclusion from the class, however, should be sent to the settlement administrator.

5. The proposed process described in Paragraph 20 to request to speak at the fairness hearing requires class members to send the request to the Court with copies sent to both class counsel and defense counsel. The requirement to send copies to class counsel and defense counsel is duplicative, unnecessary, and unduly burdensome because all counsel of record will receive notice of any such request sent to the Court through the Court's CM/ECF electronic filing system. This paragraph also references an incorrect case name (*Townsend v. KKW*).

6. The undersigned judge should be referenced in the notice as "Michael H. Simon."

## CONCLUSION

For the reasons stated in this Order, the Court DENIES Plaintiff's unopposed motion for preliminary approval of proposed settlement (ECF 92) without prejudice and with leave to file an amended motion consistent with this Order if the parties choose to do so.

**IT IS SO ORDERED**.

DATED this 16th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
