IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RODERICK DEMMINGS**, on behalf of himself and all others similarly situated,

        Plaintiff,

    v.

**KKW TRUCKING, INC.**,

        Defendant.

Case No. 3:14-cv-494-SI

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE PROCEDURES; AND SETTING FINAL APPROVAL FAIRNESS HEARING FOR SEPTEMBER 5, 2018 AT 1:30 P.M.**

**Michael H. Simon, District Judge.**

This matter comes before the Court on Plaintiff's Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement with Defendant KKW Trucking, Inc. ("KKW" or "Defendant"). ECF 95. On March 30, 2018, Plaintiff filed an unopposed motion for preliminary approval of class action settlement (ECF 92), which the Court denied (ECF 94) with leave to file an amended motion that addresses the issues and concerns raised in the Court's Order. The pending motion followed.

Upon review of the renewed Motion, the proposed Amended Stipulation of Settlement ("Stipulation" or "Settlement") (ECF 96), the amended noticed of the proposed class action settlement ("Class Notice") (ECF 96-1), the other papers submitted in connection with the

PAGE 1 – ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Motion, and all files, records, and proceedings in the above-captioned action (the "Action"), and finding good cause to approve the Motion, the Court now finds and ORDERS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Stipulation executed by the Parties and filed with the Court.

2. The Court preliminarily approves the Stipulation and the terms set forth therein, subject to further consideration at the Final Approval Hearing after members of the Class Members have had an opportunity to opt-out of the Settlement or object to the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, solely for purpose of effectuating this Settlement, the following Class Memberses and Subclasses:

   (a) The **HireRight Disclosure Class** is defined as:

   > All persons residing in the United States who applied for a position with Defendant described by 15 U.S.C. § 1681b(b)(2)(C) during the Class Period and about whom Defendant procured a consumer report from HireRight.

   The **0-2 Year HireRight Disclosure Subclass** is defined as:

   > All persons residing in the United States who applied for a position with Defendant described by 15 U.S.C. § 1681b(b)(2)(C) from March 25, 2012 through March 25, 2014 and about whom Defendant procured a consumer report from HireRight.

   (b) The **Adverse Action Class** is defined as:

   > Consumers residing in the United States who applied for a position with Defendant described by 15 U.S.C. § 1681b(b)(2)(C) during the Class Period: (a) who were listed on Defendant's non-hire log as being disqualified for: (1) Points; (2) Accidents; (3) Work History; (4) Criminal; and/or (5) Tested Positive at Prior Employer; and (b) about whom Defendant obtained a consumer report from A-Check and/or HireRight that contained potentially adverse information before Defendant disqualified them from employment. Specifically excluded from the Adverse Action Class definition are consumers on whom Defendant ran only an A-Check report between January 6, 2013 and March 25, 2014.

PAGE 2 – ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

>The **0-2 Year Adverse Action Subclass** is defined as:
>
>Consumers residing in the United States who applied for a position with Defendant described by 15 U.S.C. § 1681b(b)(2)(C) from March 25, 2012 through March 25, 2014: (a) who were listed on Defendant's non-hire log as being disqualified for: (1) Points; (2) Accidents; (3) Work History; (4) Criminal; and/or (5) Tested Positive at Prior Employer; and (b) about whom Defendant obtained a consumer report from A-Check and/or HireRight that contained potentially adverse information before Defendant disqualified them from employment. Specifically excluded from this Class are consumers on whom Defendant ran only an A-Check report between January 6, 2013 and March 25, 2014.

If the settlement is not finally approved, Defendant's stipulation to the certification of the class and the Court's findings in Paragraph 4 below shall be null and void, and may not be used or relied upon by the Named Plaintiff for any purpose.

4. With respect to the Classes and Subclasses, the Court preliminarily finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Classes and Subclasses are so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Classes and Subclasses and those common questions of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Classes and Subclasses; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Classes and Subclasses; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Named Plaintiff, Roderick C. Demmings, as the class representative of the Classes and Subclasses.

6. Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Matthew A. Dooley, Anthony R. Pecora and Justin Baxter as Class Counsel to represent the Classes and Subclasses.

7. The Court approves the designation of Class Counsel to administer the settlement through a third-party administrator. Class Counsel shall cause the dissemination of the Class Notices and supervise and carry out the notice procedure, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

8. All costs administering the settlement shall by paid from the Settlement Fund, as set forth in the Stipulation.

9. The Court finds on a preliminary basis that the terms of the Stipulation are fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e). The Court further finds that the Stipulation is the result of arms-length negotiations conducted after Class Counsel adequately investigated the claims of the named Plaintiff and the Class Members and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive. The Court therefore grants preliminary approval of the Settlement.

10. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Approval Fairness Hearing on **September 5, 2018 at 1:30 PM. in Courtroom 15B**, United States District Court for the District of Oregon, 1000 SW Third Avenue, Portland, OR 97204, for the following purposes:

   (a) finally determining whether the Classes meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

   (b) determining whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

   (c) considering the application of Class Counsel for an award of attorney fees and reimbursement of expenses, as provided for under the Stipulation;

   (d) considering whether the Court should enter the [Proposed] Judgment, Final Order, and Decree; and

   (e) considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Stipulation should be provided; and

   (f) ruling upon such other matters as the Court may deem just and appropriate.

  11. The Court may adjourn the Fairness Hearing and later reconvene such hearing without further notice to the Class Members.

  12. The Parties may further modify the Stipulation prior to the Fairness Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

  13. The Court finds and concludes that the Class Notice (ECF 96-1), as amended, and the procedure set forth in the Stipulation for providing notice to the Class Members will provide the best notice practicable, satisfies the notice requirements of Rules 23(c)(2)(B) and 23(e), adequately advises members of the Class Members of their rights under the Settlement, and

meets the requirements of due process. The Class Notice, as amended, fairly, plainly, accurately, and reasonably provides Class Members with all required information, including (among other things): (1) a summary of the lawsuit and the claims asserted; (2) a clear definition of the relevant Settlement Classes and Subclasses; (3) a description of the material terms of the Settlement; (4) an explanation that claims are released should the Class Member choose to remain in the class; (5) an explanation of Class Members' opt-out rights, a date by which Class Members must opt out, and information regarding how to do so; (6) instructions as to how to object to the Settlement and a date by which Class Members must object; (7) the date, time, and location of the Final Approval Hearing; (8) the internet address for the settlement website and the toll-free number from which Class Members may obtain additional information about the Settlement; (9) the names of the law firms representing the Class Members; and (10) information regarding how Class Counsel and the named Class Representative will be compensated and how Class Members may review copies of Class Counsel's motion for attorney's fees and class representative awards, instructions as to how to object to that motion, and a date by which Class Members must object.

14.     Within 10 days of this Order, Class Counsel shall send out the required notices pursuant to the Class Action Fairness Act.

15.     Within 60 days of this Order, Class Counsel (or the third-party administrator) shall provide Class Notices to each Class Member.

16.     As provided in the Class Notice, each Class Member shall have the right to exclude himself or herself from the settlement class by mailing a request for exclusion to the Settlement Administrator postmarked no later than sixty (60) days after mailing of the Class Notice.  Requests for exclusion must set forth the class member's name and address. At least ten

PAGE 6 – ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

(10) days prior to the final approval hearing, Class Counsel shall file with the court a list of all persons who have timely requested exclusion from the Settlement Class.

17. All papers in support of the Settlement and any application for an award of attorney fees, actual out-of-pocket expenses, and class representative incentive awards must be filed with the Court and served on or before August 6, 2018.

18. Any Class Member has not excluded himself or herself who wishes to object to the Settlement or request for attorney's fees, expenses, or class representative award must file a written statement of objection with the Court on or before August 22, 2018. The Notice of Objection must state the basis for the objection. Such objection must contain the name, address, and telephone number of the Class Member making the objection, and be personally signed by the Class Member. The objection must be sent to by mail to: *Demmings v. KKW*, Objection, Clerk of the Court, District of Oregon, 1000 SW Third Avenue, Portland, OR 97204, and must be timely postmarked as set forth above. The postmark date of the mailing envelope shall be the exclusive means used to determine whether an objection has been timely submitted. Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from seeking review or making any objection (whether by appeal or otherwise).

19. Any Class Member who files and serves a written objection in accordance with Paragraph 17 above may appear, in person or by counsel, at the Final Approval Hearing, to show cause why the proposed Settlement or motion for attorney's fees or class representative award should not be finally approved, but only if the objecting Class Member either includes with his or her objection a notice of an intent to appear or separately files a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the deadline for submitting

PAGE 7 – ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

objections. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval Hearing, if additional to the filed objection. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in this paragraph shall not be entitled to appear at the Final Approval Hearing and raise any objections.

20. On or before August 29, 2018, Class Counsel shall file any responses to any objections to the Settlement, or request for attorney's fees, costs, or class representative award.

21. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

## CONCLUSION

The Court grants Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement (ECF 95), preliminarily approves the Amended Stipulation of Settlement (ECF 96), and schedules a Final Approval Fairness Hearing for September 5, 2018 at 1:30 p.m. in Courtroom 15B.

**IT IS SO ORDERED**.

DATED this 21st day of May, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge