**Justin M. Baxter,** Oregon State Bar ID Number 992178
Email: justin@baxterlaw.com
**BAXTER & BAXTER, LLP**
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

**Matthew A. Dooley,** *Pro Hac Vice*
Email: mdooley@omdplaw.com
**Anthony R. Pecora,** *Pro Hac Vice*
Email: apecora@omdplaw.com
**O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA, LPA**
 5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone (440) 930-4001
Facsimile (440) 934-7208

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **RODERICK C. DEMMINGS**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**KKW TRUCKING,**<br><br>Defendant. | Case No 3:14-CV-00494-SI<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD** |

      The Plaintiff, Roderick Demmings ("Demmings"), by and through counsel, and concurrently with his motion for final approval of the class action settlement, hereby moves for an award of attorney's fees and expenses and a class representative service award. A memorandum in support is attached hereto and incorporated herein.

Page i - PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES, COSTS AND SERVICE AWARD

Respectfully submitted,

/s/ Matthew A. Dooley
Matthew A. Dooley
Email: mdooley@omdplaw.com
Anthony R. Pecora
Email: apecora@omdplaw.com
O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA, CO LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone (440) 930-4001
Facsimile (440) 934-7208

Justin M. Baxter
Baxter & Baxter, LLP
Washington State Bar No. 39182
(503) 297-9031 (Telephone)
(503) 291-9172 (Facsimile)
justin@baxterlaw.com

Attorneys for Plaintiff

**Page ii - PLAINTIFF'S MOTION FOR**
**ATTORNEY'S FEES, COSTS AND SERVICE AWARD**

# TABLE OF CONTENTS

I. BACKGROUND AND SETTLEMENT TERMS ................................................................... 1

II. THE COURT SHOULD AWARD PLAINTIFF'S REQUESTED AWARD OF ATTORNEY'S FEES AND REIMBURSE COSTS TO CLASS COUNSEL. .............................. 3

    A. The FCRA mandates an award of attorney's fees for successful consumer-plaintiffs. ... 3

    B. Summary of Class Counsel's Lodestar. ............................................................................. 4

    C. Class Counsel's hourly rates are reasonable. .................................................................... 6

    D. Class Counsel's hours are reasonable. .............................................................................. 7

    E. Class Counsel's lodestar figure, along with the additional reasonableness factors, confirm that the requested fee award is reasonable. ............................................................... 8

III. DEMMINGS'S REQUESTED SERVICE AWARD IS REASONABLE. ........................ 10

IV. CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

Cases

*Blum v. Stenson*,
  465 U.S. 886 (1984) ................................................................................................... 6, 7
*Bryant v. TRW, Inc.*,
  689 F.2d 72 (6th Cir. 1982) ............................................................................................ 4
*Camacho v. Bridgeport Financial, Inc.*,
  523 F.3d ......................................................................................................................... 6
*City of Riverside of Riverside v. Rivera*,
  477 U.S. 561 (1986) ....................................................................................................... 4
*Cunningham v. Cnty. of Los Angeles*,
  879 F.2d 481 (9th Cir. 1988) .......................................................................................... 8
*Dutta v. State Farm Mut. Auto. Ins. Co.*,
  No. 16-17216, 2018 WL 3400571 (9th Cir. July 13, 2018) ........................................... 9
*E.g., In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) .............................................................................. 3, 4, 5, 8
*Groshek v. Time Warner Cable, Inc.*,
  865 F.3d 884 (7th Cir. 2017) .......................................................................................... 9
*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .................................................................................... 4, 8
*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ....................................................................................................... 5
*Holman v. Experian Info. Solutions, Inc.*,
  No. 4:11-cv-0180, 2014 WL 7186207 (N.D. Cal. Dec. 12, 2014) ............................. 4, 7
*Hughes v. Microsoft Corp.*,
  No. 98-1646, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ................................. 10
*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007) .......................................................................... 6
*Jordan v. Multnomah Cnty.*,
  815 F.2d 1258 (9th Cir. 1987) ........................................................................................ 4
*Long v. Tommy Hilfiger U.S.A.*,
  671 F.3d 371 (3d Cir. 2012) ........................................................................................... 9
*Pelletz v. Weyerheuser Co.*,
  592 F. Supp. 2d 1322 (W.D. Wash. 2009) ................................................................... 10
*Perez-Farias v. Global Horizons, Inc.*,
  No. 05-3061, 2014 WL 1399420 (E.D. Wash. Apr. 2, 2014) ...................................... 10
*Prison Legal News v. Schwarzenegger*,
  608 F.3d 446 (9th Cir. 2010) .......................................................................................... 6
*Razilov v. Nationwide Mut. Ins. Co.*,
  No. 01-cv-1466, 2006 WL 2006 WL 3312024 (D. Or. Nov. 13, 2006) ...................... 10
*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ........................................................................................ 10
*Schlahtichman v. 1-800 Contacts, Inc.*,
  615 F.3d 794 (7th Cir. 2010) .......................................................................................... 9

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .................................................................................................... 9
*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir.2003) ......................................................................................... 10

Statutes

15 U.S.C. § 1681n ............................................................................................................. 4, 9
15 U.S.C. §§ 1681a-1681x .................................................................................................. 1
15 U.S.C. 1681b(b)(2) and 1681b(b)(3) .............................................................................. 9
15 U.S.C. 1681p ................................................................................................................... 2

Rules

Fed. R. Civ. P. 23(h) ............................................................................................................ 3
Rule 23 ................................................................................................................................. 6

## MEMORANDUM IN SUPPORT[1]

### I.  BACKGROUND AND SETTLEMENT TERMS

On March 25, 2014, Neil C. Scott filed suit against KKW Trucking, Inc. ("Defendant" or "KKW") on behalf of himself and all other similarly situated individuals (collectively "Class Members") alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a-1681x, which was later amended on June 12, 2015 to add Roderick C. Demmings as a class representative. Primarily due to health reasons, Neil C. Scott had to withdraw as a class representative and the case was re-captioned as *Roderick C. Demmings*, *on behalf of himself and all others similarly situated v. KKW Trucking*, *Inc.*, Case No. 3:14-cv-00494-SI ("the Civil Action"). Demmings filed his Second Amended Complaint on November 9, 2016. (Doc. 50). Simply, the lawsuit alleges that KKW did not comply with the FCRA's requirements related to obtaining and using consumer reports to make employment decisions. (*Id.*)

Following the filing of the Civil Action, the Parties completed extensive formal discovery through which KKW provided Class Counsel with information concerning, *inter alia*, its hiring practices, the applicants who were the subject of consumer reports during the Class Period and the documents used by KKW to obtain applicants' consumer reports. This formal discovery process included reviewing thousands of pages of documents and conducting multiple depositions. The Parties also engaged in substantive motion practice in which KKW challenged Demmings's standing to bring his FCRA claims.

Once the parties were fully apprised of the strengths and weaknesses of their respective

---

[1] All defined terms shall have the same meanings used in the Amended Stipulation of Settlement (Doc. 96).

Page 1 – **PLAINTIFF'S UNOPPOSED MOTION FOR`**
**ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD**

cases, they participated in three mediations: the first on March 30, 2015 with Jeff Batchelor in Portland, the second on November 2, 2015 with Judge Terry Lukens in Seattle and the third on November 10, 2017 with Rodney Max in Los Angeles. Although the third mediation proved unsuccessful, the parties made meaningful progress in reaching a preliminary agreement on the creation of a Class Recovery Fund separate and apart from any funds from which Class Counsel may petition the Court for an award of attorney's fees.

The parties continued good faith negotiations with the assistance of mediator Rodney Max. Finally, the parties were successful in reaching an agreement. As more fully detailed in the Amended Stipulation of Settlement (Doc. 96) and Demmings's Motion for Final Approval of Class Action Settlement (Doc. 99), Class Counsel first negotiated a "Class Recovery Fund" totaling $330,000.00, which pays individual payments to Class Members, all settlement administrative fees, a proposed service award to Demmings of $7,500.00, and all approved litigation expenses up to $50,000.00. (Doc. 96, at ¶2.4). Separately and contingent on court approval, the Parties negotiated an award of attorney's fees of $220,000.00. (*Id.*).

Each Class Member stands to receive a gross amount of approximately:

| **HireRight Disclosure Class** | $222.00 |
| **0-2 Year HireRight Disclosure Subclass[2]** | $377.00 |
| **Adverse Action Class** | $503.00 |
| **0-2 Year Adverse Action Subclass** | $917.00 |

(*Id.* at ¶ 2.5).[3]

---

[2] The application of a 0-2 year subclass in this case is intended to recognize that other Class Members with claims that accrued more than two years prior to the filing of the lawsuit would be subject to a statute of limitations defense under 15 U.S.C. 1681p.

[3] Currently, the settlement administration costs are $10,338.00 and the litigation expenses are $40,665.06. If the Court

Page 2 – **PLAINTIFF'S UNOPPOSED MOTION FOR`**
**ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD**

This amount greatly surpasses the statutory minimum of $100.00, and far exceeds awards in similar FCRA settlements. *See e.g.*, *Townsend v. Sterling Jewelers*, No. 1:13-CV-3903 (N.D. Ill. Sept. 15, 2014) (approving $50 net payment per class members who did not receive disclosure forms); *Marcum v. Dolgencorp,* No. 3:12-CV-00108 (E.D. Va. Oct. 16, 2014) (approving $53.00 net payment per class members who received inadequate disclosure); *Kirchner v. Shred-it USA Inc.*, No. 2:14-CV-01437-WBS(EFB) (E.D. Cal. Mar. 31, 2015) (approving $45.55 payment per class members who received a disclosure form that included a liability release); *Rodriguez v. Chuck E. Cheese's*, No. 3:14-CV-00677 JLS (JLB) (S.D. Cal. Dec. 14, 2015) (approving a $36.00 net payment per class members who receive a disclosure containing extraneous information)

This Court granted Demmings's Motion for Preliminary Approval of Class Action Settlement on May 21, 2018 (Doc. 97). Demmings now moves for an award of attorney's fees and expenses, and a class representative service award.[4]

## II. THE COURT SHOULD AWARD PLAINTIFF'S REQUESTED AWARD OF ATTORNEY'S FEES AND REIMBURSE COSTS TO CLASS COUNSEL.

### A. The FCRA mandates an award of attorney's fees for successful consumer-plaintiffs.

Federal Rule 23(h) provides that "the court may award reasonable attorney's fees and non-taxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Ninth Circuit recognizes two methods for calculating attorney's fees in a class action: percentage of the fund or the lodestar method. *E.g.*, *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935,

---

approves these expenses and approves Demmings's requested service award of $7,500.00, each of the 851 Class Members would share a pro rata portion of $58,503.06, which is approximately $69.00. (*See* Pl.'s Unopposed Mot. for Final Approval, Doc. 99).

[4] The Court's Order set a deadline of August 6, 2018 for Demmings to file his motion for attorney's fees, costs, and service award. (Doc. 97).

Page 3 – **PLAINTIFF'S UNOPPOSED MOTION FOR`**
**ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD**

941 (9th Cir. 2011). The lodestar method is appropriate in class actions brought under fee-shifting statutes or where the relief sought is primarily injunctive in nature and not easily monetized. *Id.* (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

The FCRA mandates an award of attorney's fees to a prevailing consumer. *See* 15 U.S.C. § 1681n. The FCRA's fee-shifting provision is nearly identical to the fee provisions in other consumer statutes like the Truth in Lending Act and the Fair Debt Collection Practices Act. A fee-shifting provision's purpose is to encourage private litigants to enforce the laws that protect the public in areas like civil rights, consumer protection and the environment. *City of Riverside of Riverside v. Rivera*, 477 U.S. 561, 574-75 (1986). As the Sixth Circuit has recognized, "[w]e have no doubt that Congress intended in authorizing attorney's fees in lawsuits under the FCRA, 15 U.S.C. §§ 1681n, 1681o, to make use of the private attorney general concept." *Bryant v. TRW, Inc.*, 689 F.2d 72, 80 (6th Cir. 1982). Thus, the lodestar method is appropriate here. *See Holman v. Experian Info. Solutions, Inc.*, No. 4:11-cv-0180, 2014 WL 7186207, at *3 (N.D. Cal. Dec. 12, 2014) ("In fixing the fee award, courts in the Ninth Circuit typically examine the 'lodestar.'") (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

In examining an award of attorney's fees, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941. KKW has agreed to pay an attorney's fees award up to $220,000.00. The Parties negotiated this amount separately and after they had come to terms on the $330,000.00 Class Recovery Fund. Here, Class Counsel's lodestar confirms that $220,000.00 is a reasonable award of attorney's fees.

### B. Summary of Class Counsel's Lodestar.

The lodestar figure is calculated by multiplying the number of hours the party reasonably

expended on the litigation by a reasonable hourly rate for the region and the experience of the lawyer. *E.g.*, *In re Bluetooth*, 654 F.3d at 941. There is a strong presumption that the lodestar figure represents a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n. 9 (1983). To date, Class Counsel have spent more than 963 hours on the case. (*See* Declaration of Matthew A. Dooley, at ¶ 14). Their total lodestar exceeds $388,000.00 and they have incurred out-of-pocket expenses of $40,665.06. (*Id.* at ¶¶ 14-16) Consistent with the Parties' Amended Stipulation of Settlement, Class Counsel respectfully request an attorney's fees award of $220,000.00 and an award of $40,665.06 for reimbursable costs.

The following table summarizes the attorneys' hours to date, their rates and their lodestars. This calculation of time does not include the estimated time to prepare this motion for fees or the time to prepare the final approval materials. Moreover, this calculation does not include any estimated time that class counsel will spend on this case going forward. (*Id.*, at ¶ 16).

| Timekeeper | Rate | Hours | Lodestar |
|---|---|---|---|
| Matthew A. Dooley Partner | $550.00 | 286.35 | $157,492.50 |
| Anthony R. Pecora Partner | $550.00 | 134.75 | $74,112.50 |
| Justin M. Baxter Partner | $550.00 | 27.50 | $15,125.00 |
| Stephen M. Bosak Associate | $350.00 | 267.60 | $93,660.00 |
| Audrey F. Tedor Paralegal | $195.00 | 247.55 | $48,272.25 |
| TOTAL | | 963.75 | $388,662.25 |

(*Id.*). Class Counsel kept track of their time on a daily basis. For the convenience of the Court, Class Counsel are not attaching their time records, but will have those documents available at the final approval hearing if the Court wishes to review them.

In addition to the time devoted to this litigation, Class Counsel also incurred out-of-pocket expenses of $40,665.06. (*Id.* at ¶¶ 14-15). The requested expenses include the reimbursement of the type of expenses routinely charged to paying clients in the marketplace and, therefore, are

Page 5 – **PLAINTIFF'S UNOPPOSED MOTION FOR`
ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD**

properly reimbursed under Rule 23. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (awarding as reasonable and necessary, reimbursement for "(1) meals, hotels, and transportation; (2) photocopies; (3) postage, telephone, and fax; (4) filing fees; (5) messenger and overnight delivery; (6) online legal research; (7) class action notices; (8) experts, consultants, and investigators; and (9) mediation fees.") Class Counsel's incurred expenses can be summarized as follows:

| Service of Process/Courier | $2,104.85 |
|---|---|
| Filing Costs | $600 |
| Court Reporter Costs | $3,471.72 |
| Travel Expenses Associated with Multiple Court hearings and mediations throughout the United States | $21,756.56 |
| Mediator Fees | $9,456.25 |
| Legal Research – Thompson Reuters | $874.96 |
| Data Storage for e-Discovery | $1,127.00 |
| Copying charges | $1,273.72 |

(Dooley Decl., at ¶ 14-16).

### C. Class Counsel's hourly rates are reasonable.

In determining the reasonable hourly rate, the Court looks to rates that are charged by lawyers in the district where the case is pending. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d at 979. The Court must compare Class Counsel's rates with the rates charged by comparable attorneys in this District who are engaged in "equally complex Federal litigation." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (quoting *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

Class Counsel seek a rate of $550/hour for partners, $350/hour for associates, and $195/hour for paralegals. (Dooley Decl., at ¶ 16). These rates are well within the prevailing rates approved by courts in the Western District of Washington. *See Taylor v. Universal Auto Grp. I, Inc.*, No. 13-cv-05245 KLS (W.D. Wash. 2015) (approving rates up to $650/hour); *and Chesbro*

*v. Best Buy Stores, L.P.*, No. 10-774 (W.D. Wash. 2014) (approving rates up to $650/hour). Class Counsel's hourly rates are particularly reasonable given their extensive FCRA class action expertise. *See* Dooley Decl., at ¶¶ 2-13. Attorneys Dooley, Pecora, and Baxter each specialize in FCRA class actions and have been approved as class counsel in numerous cases over the past ten years. (*Id.*). Similarly, Stephen M. Bosak, Jr., an associate with O'Toole, McLaughlin, Dooley, and Pecora has several years of experience litigating FCRA class actions on behalf of consumers. (*Id.* at ¶ 13) Accordingly, Class Counsel's hourly rate is reasonable for purposes of the lodestar calculation. *See Holman*, 2014 WL 7186207, at *4 (finding hourly rates ranging from $450-$750/hour reasonable).

      **D.  Class Counsel's hours are reasonable.**

Class Counsel devoted a substantial amount of time over a four-year period to reach a resolution in this case. To date, Class Counsel and their respective firms have devoted 963.75 hours the past four years to litigating the case. (*Id.* at ¶ 14). KKW vigorously fought the case and forced Class Counsel to defend multiple motions to dismiss and participate in oral argument on those motions. Moreover, the Parties engaged in a time-consuming discovery process including extensive document production and several depositions. (*Id.*) The Parties also attempted three unsuccessful mediations and endured many months of contentious negotiations before finally reaching a resolution. And this total hourly figure does not account for the numerous additional hours Class Counsel will devote to final approval and future correspondence with Class Members. Simply put, the litigation was hard-fought and hundreds of hours spent by Class Counsel were necessary to achieve the great result reached in this case. (*Id.*). Accordingly, Class Counsel's calculated hours are reasonable.

### E. Class Counsel's lodestar figure, along with the additional reasonableness factors, confirm that the requested fee award is reasonable.

The lodestar figure is "presumptively reasonable." *In re Bluetooth*, 654 F.3d at 941 (citing *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988)). Here, Class Counsel's lodestar figure totals $388,662.25. This figure is over $168,000 more than Class Counsel's requested attorney's fees award, which further confirms that Class Counsel's requested fee is reasonable.

The requested fee award also remains clearly reasonable when taking into account the "reasonableness" factors that a court may consider to adjust the lodestar figure upward or downward. These factors include "the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Hanlon*, 150 F.3d at 1029. "Foremost among these considerations, however, is the benefit obtained for the class." *In re Bluetooth*, 654 F.3d at 942.

Here, the results achieved for the class members validate the requested fee award. As noted, if the Court approves the payment of settlement administration costs, litigation expenses and service award from the Class Recovery Fund, each class member will receive a net check in the amount of:[5]

| **HireRight Disclosure Class** | $153.00 |
| **0-2 Year HireRight Disclosure Subclass** | $308.00 |
| **Adverse Action Class** | $434.00 |
| **0-2 Year Adverse Action Subclass** | $848.00 |

Importantly, each class member will recover under the Settlement automatically without having to

---

[5] Each of the 851 Class Members would share a pro rata portion of $58,503.06, which is approximately $69.00.

Page 8 – **PLAINTIFF'S UNOPPOSED MOTION FOR`**
**ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD**

undergo a claims process to get monetary relief. Some Class Members will be members of both the HireRight Disclosure and Adverse Action classes and thus eligible to receive two checks. This is a substantial recovery and far exceeds similar FCRA settlements. *See Ellis v. Swift*, No. 3:13-cv-00473 (E.D. Va. 2013) ($50 (net) for Group 1 class members; $50 (gross) for Group 2 class members); *Singleton v. Domino's Pizza*, No. DKC 11-1823 (D. Md. 2012) ($38-107 per class member); *Lavalle v. Chex Sys., Inc.*, No. 8:08-cv-01383 (C.D. Cal. 2011) ($82 per class member).

The results obtained for the class also are impressive in light of the significant risk of nonpayment. Because Demmings sought statutory damages under the FCRA, it would have been Demmings's burden to establish that KKW "willfully" violated the FCRA. 15 U.S.C. § 1681n. This required Demmings to demonstrate that KKW not only violated the FCRA, but that its violation was intentional or in reckless disregard of its statutory duties. *E.g.*, *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 378 (3d Cir. 2012) (holding that defendant was not liable under the FCRA because its practice was merely "careless" rather than "willful"); *see also Schlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 804 (7th Cir. 2010) (FCRA defendants are not liable for willful violations if their readings of the statute were objectively reasonable).

The Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) has also introduced additional obstacles to recovery for FCRA plaintiffs. While Demmings vehemently disagrees with any anti-consumer reading of the *Spokeo* decision, it cannot be disputed that circuit courts throughout the United States – including the Ninth Circuit – have seized on the Court's decision and dismissed FCRA claims brought under 15 U.S.C. 1681b(b)(2) and 1681b(b)(3). *See, e.g. Dutta v. State Farm Mut. Auto. Ins. Co.*, No. 16-17216, 2018 WL 3400571 (9th Cir. July 13, 2018); *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 885 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 740, 199 L. Ed. 2d 617 (2018).

In light of these novel and complex issues, Class Counsel have achieved a great result that provides hundreds of dollars to each class member. The substantial monetary benefits obtained on behalf of the class confirm that Class Counsel's requested fee award, which results in a negative lodestar multiplier, is reasonable and should be approved. Similarly, Class Counsel's requested reimbursement for litigation expenses is reasonable based on the extensive costs incurred to bring this case to resolution, and Class Counsel respectfully request that the Court approve an award of $40,665.06 in reimbursable expenses.

### III. DEMMINGS'S REQUESTED SERVICE AWARD IS REASONABLE.

Class representative service awards are typical and it is within the Court's discretion to make such awards. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). When evaluating a request for a service award, the district court must use "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions…the amount of time and effort the plaintiff expended in pursuing the litigation…and reasonabl[e] fear[s of] workplace retaliation." *Perez-Farias v. Global Horizons, Inc.*, No. 05-3061, 2014 WL 1399420, at *1 (E.D. Wash. Apr. 2, 2014) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir.2003)).

Here, the Parties agreed that Demmings could seek a service payment of $7,500.00 from the Class Recovery Fund for his service as the named class representative. (Doc. 96, ¶ 8.4). Demmings's proposed service payment is well within the range of service awards approved within the Circuit. *See e.g. Razilov v. Nationwide Mut. Ins. Co.*, No. 01-cv-1466, 2006 WL 2006 WL 3312024, at *4 (D. Or. Nov. 13, 2006) (approving $10,000); *Hughes v. Microsoft Corp.*, No. 98-1646, 2001 WL 34089697, at *12-13 (W.D. Wash. Mar. 26, 2001) (approving incentive awards of $7,500, $25,000, and $40,000); *and Pelletz v. Weyerheuser Co.*, 592 F. Supp. 2d 1322, 1330 (W.D.

Wash. 2009) (approving $7,500 incentive awards totaling $30,000).

Not concerned with personal gain, Demmings's participation was vital after the original named plaintiff was forced to withdraw due predominantly to health issues. Demmings took an active role in the litigation and participated in the drafting of the pleadings and assisted Class Counsel in prosecuting the case and drafting the discovery. He was also in constant communication with Class Counsel about the status of the litigation. Indeed, without Demmings's willingness to participate and attentiveness to the litigation, this case would not have survived to resolution. As a result, Demmings obtained both monetary and non-monetary benefits for an entire class of applicants that were similarly harmed. This was made possible by Demmings's commitment to the class and willingness to devote the time and effort necessary to serve as class representative. Thus, Demmings respectfully requests that the Court approve the requested service award.

### IV. CONCLUSION

Based on the foregoing, Demmings respectfully request that the Court grant Plaintiff's Motion for Attorney's Fees, Costs, and Service Award and enter an order awarding Class Counsel $220,000.00 in attorney fees, and further ordering the following payments to be made from the Class Recovery Fund: (a) reimbursement to Class Counsel of $41,665.06 in litigation expenses, (b) a service award to Demmings in the amount of $7,500.00, and (c) payment of settlement administration costs in the amount of $10,338.00.

Respectfully submitted,

/s/ Matthew A. Dooley
Matthew A. Dooley
Email: mdooley@omdplaw.com
Anthony R. Pecora
Email: apecora@omdplaw.com
O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA, CO LPA
5455 Detroit Road

Sheffield Village, Ohio 44054
Telephone (440) 930-4001
Facsimile (440) 934-7208

Justin M. Baxter
Baxter & Baxter, LLP
Washington State Bar No. 39182
(503) 297-9031 (Telephone)
(503) 291-9172 (Facsimile)
justin@baxterlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 6, 2018, I caused to be filed Plaintiff's Motion for Attorney's Fees, Costs, and Class Representative Service Award using the U.S. District Courts CM/ECF Electronic Filing System, which will electronically serve a copy of such filing upon all counsel of record.

/s/ Matthew A. Dooley
Matthew A. Dooley