UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

**RODERICK C. DEMMINGS**, on behalf of himself and all others similarly situated,

  Plaintiff,

  v.

**KKW TRUCKING,**

  Defendant.

Case No 3:14-CV-00494-SI

**DECLARATION MATTHEW A. DOOLEY IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS AND APPROVAL OF SERVICE AWARD**

---

I, Matthew A. Dooley, declare:

1. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am a partner of the law firm of O'Toole, McLaughlin, Dooley & Pecora Co., LPA ("OMDP"), counsel of record for Plaintiff in this matter. I respectfully submit this declaration in support of Plaintiff's Motion for Attorney's Fees, Costs, and Class Representative Service Award. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

3. OMDP is a fifteen-attorney law firm with offices in Sheffield Village and Oberlin, Ohio. My primary office is at 5455 Detroit Road, Sheffield Village, Ohio 44054.

4. I am the lead attorney from OMDP in the instant litigation. As partner of OMDP, I concentrate my practice in complex litigation, including the prosecution of employment related Fair Credit Reporting Act class actions. I have served as lead or co-lead counsel on numerous nationwide class actions. I also handle a variety of employment issues including employment

1

discrimination, restrictive covenant litigation, and pre-litigation counseling and advice for various clients.

5. Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the State of Ohio, where I regularly practice law. Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the State of Florida. I have also been admitted to practice before and am presently admitted to the following federal courts:

| Court | Date |
| --- | --- |
| United States Court of Appeals for the Sixth Circuit | 2008 |
| United States District Court for the Northern District of Ohio | 2008 |
| United States District Court for the Southern District of Ohio | 2009 |
| United States District Court for the Western District of Tennessee | 2011 |
| United States District Court for the Western District of New York | 2012 |
| United States District Court for the District of Colorado | 2013 |
| United States District Court for the District of Wisconsin | 2013 |
| United States District Court for the Northern District of Indiana | 2015 |
| United States District Court for the Southern District of Indiana | 2015 |
| United States District Court for the Northern District of New York | 2015 |
| United States District Court for the Southern District of Indiana | 2015 |

| Court | Date |
|---|---|
| United States District Court for the Northern District of Oklahoma | 2016 |

6. My partner, Anthony Pecora has been and presently is a member in good standing of the Bar of the highest court of the State of Ohio. He is also admitted to practice before and presently is a member in good standing of the Bars of the following courts:

| **Court** | **Date** |
|---|---|
| United States District Court for the Northern District of Ohio | 2008 |
| United States District Court for the Southern District of Ohio | 2009 |
| United States District Court for the Western District of Tennessee | 2011 |
| United States District Court for the Western District of New York | 2012 |
| United States District Court for the District of Colorado | 2013 |
| United States District Court for the District of Wisconsin | 2013 |
| United States District Court for the Northern District of Indiana | 2015 |
| United States District Court for the Southern District of Indiana | 2015 |
| United States District Court for the Northern District of New York | 2015 |
| United States District Court for the Southern District of Indiana | 2015 |
| United States District Court for the Northern District of Oklahoma | 2016 |

7. I have been recognized by Super Lawyers and frequently lecture on issues related

to employment screening. I have also served as a court-appointed arbitrator and am a current member of the Ethics and Grievance Committee for the Lorain County Bar Association.

8.  Anthony Pecora and I have also been admitted *pro hac vice* in jurisdictions across the country including Kentucky, Tennessee, Missouri, Arizona, Oregon, California, Florida, North Carolina, Virginia, Georgia, Mississippi, Texas, Utah, Pennsylvania, New York, Iowa and Maryland. I have never been denied admission *pro hac vice*.

9.  Since 2008, we have focused our practice primarily towards consumer protection litigation. While our experience representing consumers falls within several areas, we generally concentrate on plaintiff litigation under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. *White v. CRST, Inc.*, Case No. 1:11-cv-2615 (N.D. Ohio); *Hall v. Vitran Express, Inc.*, Case No. 1:09-cv-00800 (N.D. Ohio); *Ryals v. HireRight Solutions, Inc.*, et al, Case No. 3:09-CV-625 (E.D. Va.); *Smith v. New England Motor Freight, Inc.,* Case No. 2:12-CV-03559 (N.J.D); *Roe, et al. v. Intellicorp Records, Inc., et al.,* Case No. 1:12-CV-02288 (N.D. Ohio); *Avery v. Boyd Bros. Transportation*, Case No. 4:13-CV-00579 (W.D. Missouri); *Smith v. ResCare,* Case No. 3:13-CV-5211 (S.D. W. Va.); *Henderson, et al. v. First Advantage,* Case No. 3:14-CV-00221 (E.D. Va.); *Henderson, et al v. BackgroundChecks.com*, Case No. 3:13CV-00029 (E.D. Va.); *Hughes, et al v. Selection.com*, Case No. 1:15-CV-0411 (S.D. Ohio); *Smith v. ResCare,* Case No. 3:13-CV-5211 (S.D. W. Va.); *James, et al. v. Experian Information Solutions, Inc.*, Case No. 3:12-CV-00902 (E.D. Va.), *Townsend v. AIM*, Case No. 4:15-CV-00493 (N.D. Ohio); *Bozso v. LexisNexis*, Case No. 5:13-CV-79 (W.D. N.C.). *Demmings v. Clean Harbors Environmental Services, Inc.,* Case No. 2:14-cv-01017 (D. Wa.); *Vinson v. Fleetcor*, Case No. 1:14-CV-01939 (N. D. Ga.); *Harris v. Exel*, Case No. 2:14-CV-1231 (S.D. Ohio); *Banks v. Central Refrigerated Services, Inc.*, Case No, 2:15-CV-00105 (N.D. Ind.); *Banks v. Stevens Transport, Inc.*, Case No.

4

2:15-CV-00117 (N.D. Texas); *Smith v. E-verifile, Inc., et al*, Case No. 1:16-cv-714 (N.D. Ohio); *Smith v. Annapolis Junction Rail Solutions, et al.*, Case No. 1:16-cv-968 (D. Md); *White v. Shield Screening, et al*, Case No. 4:16-cv-00658 (N.D. Ok); *Kidd v. Thomson Reuters,* Case No. 1:16-cv-01668 (S.D. NY); *Moore v. Aerotek*, Case No. 2:15-cv-02701 (N.D. Ohio).

       10.     My co-counsel, Justin M. Baxter is a partner of Baxter & Baxter, LLP ("Baxter"). He has been a member of the Oregon State Bar since 1999 and the Washington State Bar Association since 2007. Baxter's practice is focused exclusively on consumer protection litigation, primarily under the Fair Credit Reporting Act. Baxter has obtained jury verdicts on behalf of consumers in state and federal court. See, e.g., *Miller v. Equifax Info. Serv., LLC,* U.S. Dist. Ct. (D. Or.) Case No. 3:11-cv-01231-BR ($18.5 million jury verdict under Fair Credit Reporting Act); *Valentine v. Equifax Info. Serv., LLC*, U.S. District Court (D. Or.) Case No. 05-CV-0801-JO ($200,000 jury verdict under Fair Credit Reporting Act); *Macik v. JP Morgan Chase Bank*, N.A., U.S. District Court (S.D. Tex.) Case No. 3:14-cv-44 ($190,000 jury verdict under Fair Credit Reporting Act); *West v. Dodeka, LLC*, Multnomah Co. Cir. Ct. Case No. 0911-16288 ($100,000 jury verdict under Fair Debt Collection Practices Act); *Edwards v. The Rental Store, Inc.*, Multnomah Co. Cir. Ct. Case No. 0906-08151 ($95,000 jury verdict under Unlawful Debt Collection Practices Act). Baxter has been retained as co-counsel on cases in twenty-five states.

       11.     Baxter lectures around the country on credit reporting and consumer litigation, including for the Practicing Law Institute, the National Consumer Law Center, and the National Association of Consumer Advocates. He is the author of Fair Credit Reporting Act, Consumer Law in Oregon (Oregon State Bar Continuing Legal Education, 2013); Fair Credit Reporting Act, Consumer Law in Oregon (Oregon State Bar Continuing Legal Education, 2005); and Cause

of Action for Credit Reporting Agency's Reporting Inaccurate or Incomplete Credit Information, 18 Causes of Action (Second) 1 (West Group, 2002). Baxter currently serves on the board of the National Association of Consumer Advocates. In 2016, he was appointed by the Hon. Jerome LaBarre to the board of Oregon Consumer Justice. He previously served as co-chair of the Oregon Trial Lawyers Association Consumer Protection Section, and chair of the Oregon State Bar Consumer Law Section.

12. In each of the class cases that we have litigated to a resolution, the court found us to be adequate class counsel.

13. Stephen M. Bosak, Jr. is an associate attorney at OMDP with over four years of experience focused principally on consumer class actions under the FCRA. He presently is a member in good standing of the Bar of the highest court of the State of Ohio. He is also admitted to practice before and presently is a member in good standing of the Bars of the following courts: the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Northern District of Ohio, the United States District Court for the Southern District of Ohio, and the United States District Court for the Northern District of Oklahoma.

14. The attorneys and professional personnel of OMDP together with Baxter and his firm have spent over 963.75 hours litigating this case and incurred out-of-pocket expenses exceeding $40,000. These out-of-pocket expenses were incurred over four years of contentious litigation, including attendance to three unsuccessful mediations and participation in oral argument regarding KKW's motions to dismiss and extensive discovery and motion practice.

15. OMDP and Baxter are seeking a fee award of $220,000 and reimbursement of costs in the amount of $40,665.06. Details of costs incurred:

| Service of Process/Courier | $2,104.85 |

| | |
|---|---|
| Filing Costs | $600 |
| Court Reporter Costs | $3,471.72 |
| Travel Expenses | $21,756.56 |
| Mediation Costs | $9,456.25 |
| Legal Research – Thompson Reuters | $874.96 |
| Data Storage | $1,127.00 |
| Copying charges | $1,273.72 |

16. The unadjusted lodestar for OMDP and Baxter is $388,662.25. The reasonableness of the hourly rate of Class Counsel, reasonableness of the time spent litigating the case, contingent nature of the fee award, the novelty and complexity of the issues in this case, and Class Counsel's skill displayed in presenting them, demonstrate that the fees requested are reasonable. The total hours billed does not include the total estimated time required of Class Counsel to prepare the motion for fees or the time required to prepare the final approval materials. Moreover, this calculation does not include the estimated time that class counsel will spend on this case going forward.

| Timekeeper | Hourly Rate | Hours Billed |
|---|---|---|
| Matthew A. Dooley, Partner | $550.00 | 286.35 |
| Anthony R. Pecora, Partner | $550.00 | 134.75 |
| Justin M. Baxter, Partner | $550.00 | 27.5 |
| Stephen M. Bosak, Jr., Associate | $350.00 | 267.60 |
| Audrey F. Tedor, Senior Paralegal | $195.00 | 247.55 |

17. Litigating a high stakes case against a well-funded corporate defendant represented by excellent law firms in an unsettled area of law is not appealing to most lawyers, particularly when the plaintiff's counsel must finance the litigation. This case was taken on a contingency basis and was not undertaken lightly. The risk of advancing all potential costs in this type of litigation were considerable, especially in light of the fact that OMDP and Baxter are relatively small in comparison to law firms that routinely defend these types of proceedings.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 6th day of August, 2018.



_____
Matthew A. Dooley

4839-0581-0031, v. 4